JOSEPH LIEBLING, Appellant, *v.* WILLIAM I. COHN and JOSHUA COHN, Respondents.

First Department, November 9, 1917.

Pleading — complaint in suit for an accounting for excess of moneys collected by defendants upon security — effect of incidental allegation that agreement was usurious.

A complaint, alleging that the defendants loaned plaintiff sums of money upon the security of accounts and choses of action assigned by plaintiff to defendants, and that the defendants have collected upon such security more than the amount due upon said loans, which incidentally alleges that the agreement was usurious, states only one cause of action and that for an accounting, the allegations as to usury being made so that if sustained they may have a bearing upon the question as to how much plaintiff is entitled to recover.

APPEAL by the plaintiff, Joseph Liebling, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of September, 1917, requiring plaintiff to amend his complaint so as to separately state and number the causes of action.

*Charles Goldzier*, for the appellant.

*Alvin Theo. Sapinsky*, for the respondents.

SCOTT, J.:

The complaint alleges that between October and December, 1914, the defendants loaned plaintiff sums of money, upon the security of accounts and choses in action assigned by plaintiff to defendants; that the defendants have collected upon such security more than the amount due upon said loans. Incidentally, it is alleged that the agreement was usurious, and the order appealed from is sought to be sustained upon the ground that the complaint embraces two causes of action, one for an accounting of moneys received which are due to plaintiff, and another to set aside an usurious agreement. We do not so consider. There is but one cause of action stated, that for an accounting. The allegations as to the usurious nature of the contract are merely incidental, and

are alleged· because, if sustained, they may have a bearing upon the question as to how much plaintiff is entitled to recover.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, DAVIS and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.